﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200716-98682
DATE: November 30, 2020

REMANDED

Entitlement to service connection for tinnitus is remanded. 

REASONS FOR REMAND

The Veteran had active service from June 1966 to June 1969. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2019 Appeals Modernization Act (AMA) rating decision. The Veteran timely appealed the decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). As this appeal comes to the Board through the Direct Review lane of AMA, the resulting Board decision is based upon the evidence of record at the time of that prior decision. 

This matter is remanded to correct duty to assist errors that occurred before the September 2019 rating decision. In the September 2019 rating decision, the AOJ favorably found that the Veteran had a qualifying event, injury, or disease in service—specifically that his military occupational specialty as a builder resulted in a high probability of noise exposure. Also, the record reflects a diagnosis of tinnitus. VA concedes the Veteran’s in-service noise exposure and diagnosis of tinnitus. The Board is bound by these favorable findings. 38 C.F.R. § 3.104. 

The Veteran contends that his tinnitus is related to his active service. He underwent a VA examination in June 2019, which provided a negative nexus opinion. However, the VA examiner’s 2019 opinion is problematic due to discrepancies between the Veteran’s lay statements and examiner’s medical rationale. Specifically, the Veteran stated that his tinnitus started “during the 1970s,” whereas the examiner’s opinion noted that the Veteran’s “tinnitus reportedly occurred after separation in the 1980s.” 

The medical examination included a positive nexus opinion regarding the Veteran’s bilateral hearing loss, for which service connection has now been granted. The Veteran stated that he noticed hearing loss “in the ‘70s,” which is consistent with the circumstances of his tinnitus onset. The examiner opined that it was less likely than not that tinnitus is associated with the Veteran’s hearing loss. However, considering the consistency of the circumstances regarding the onset of his hearing loss and tinnitus occurring in the 1970s and the discrepancy present within the examiner’s rationale, the question of whether the Veteran’s tinnitus is associated with his hearing loss remains. As the opinion is not adequate, it does not assist the Board in resolving this claim and cannot serve as the basis of a denial of this issue. 

As such, there is a pre-decisional duty to assist error under AMA, and it is necessary to remand this matter for the AOJ to schedule the Veteran for a relevant VA examination. This matter is, therefore, REMANDED for the following action:

Schedule the Veteran for a VA audiological examination to address the nature and etiology of his tinnitus diagnosis. The examiner must review the Veteran’s claims file in conjunction with the examination. Any testing deemed necessary should be conducted. After review of the claims folder, completion of necessary testing, and an examination of the Veteran, the examiner should provide the following opinions: 

(a.) Is it at least as likely as not (i.e. a probability of 50 percent or more) that the Veteran’s tinnitus onset during active service or within one year of separation from service or is otherwise related to such active military? 

(b.) Is it at least as likely as not (i.e. a probability of 50 percent or more) that the Veteran’s tinnitus was caused by his service-connected hearing loss? 

(c.) Is it at least as likely as not (i.e. a probability of 50 percent or more) that the Veteran’s tinnitus was aggravated (i.e., made worse by the service-connected hearing loss? If so, the examiner should identify the degree of impairment that is due to such aggravation. 

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or whether he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. R. Bobb, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.